1   Robert A. Bailey (# 214688)
      rbailey@afrct.com
2   Scott T. Reigle (# 288515)
      sreigle@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL & TRYTTEN LLP
4   301 N. Lake Ave, Suite 1100
    Pasadena, CA  91101-4158
5   Telephone: (626) 535-1900
    Facsimile:  (626) 577-7764
6
    Attorneys for Defendant
7   WELLS FARGO BANK, N.A., successor by
    merger with Wells Fargo Bank Southwest, N.A.,
8   f/k/a Wachovia Mortgage, FSB, f/k/a World
    Savings Bank, FSB ("Wells Fargo")
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13   JASON TUTTLE and MARY KATHLEEN          CASE NO.: 3:18-CV-01544-JCS
     TUTTLE;
14                                           [The Honorable Joseph C. Spero]
                    Plaintiffs,
15                                           DEFENDANT WELLS FARGO BANK,
            v.                               N.A.'S OPPOSITION TO PLAINTIFFS'
16                                           MOTION TO REMAND
     WELLS FARGO BANK, N.A., WELLS
17   FARGO HOME MORTGAGE; BARRETT
     DAFFIN FRAPIER TREDER & WEISS LLP;
18   and DOES 1 through 20, inclusive;       Date:     May 25, 2018
                                             Time:     9:30 a.m.
19                  Defendants.              Ctrm:     G, 15th Fl.

20

21

22                          1.  **INTRODUCTION**

23         In both the complaint and first amended complaint ("FAC"), plaintiff makes a single

24   allegation, repeated verbatim several times, against foreclosure trustee Barrett Daffin Frappier

25   Treder & Weiss ("Barrett").  In its totality, it states:  "In addition, BARRETT DAFFIN has

26   violated this statute, as WELLS FARGO'S agent, by scheduling a foreclosure sale and

27   proceeding towards sale, even though WELLS FARGO has violated the statute."  (Compl. ¶¶43,

28   50, 57; FAC ¶¶47, 60, 74).  There are conspicuously no allegations that Barrett committed any

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   violations itself, only that Wells Fargo had committed violations and that Barrett was Wells

2   Fargo's agent.

3          Plaintiffs' motion seeks remand on the basis of that lone allegation, arguing that Barrett is

4   not a fraudulently joined nominal party, thereby destroying diversity jurisdiction.  The notion is

5   meritless.  For the reasons discussed below, the Court should deny the motion to remand.  Even

6   if the Court remands this case to state court, the request for attorneys' fees is wholly procedurally

7   defective, and not merited in any event.

8          **2.   BARRETT IS A FRAUDULENTLY JOINED NOMINAL PARTY**

9          The only ground on which plaintiffs seek remand is that, supposedly, Barrett  is not a

10  fraudulently joined nominal party.  The only real ground for attacking Barrett's fraudulently

11  joined status set forth in the motion is that Barrett "acted as Wells Fargo's agent in scheduling

12  the foreclosure sale, despite the fact that Wells Fargo was blatantly violating the Homeowners

13  Bill of Rights."  (Mot. 8:17-19).  The motion then references one paragraph from the original

14  complaint (Compl. ¶43), and one from the FAC (FAC ¶47) that supposedly support the basis for

15  Barrett's liability in this case.  *Id.* at 8:20.

16         This paragraph is copied verbatim in the HBOR claims in both complaints.  (Compl.

17  ¶¶50, 57; FAC ¶¶60, 74).  There are no other charging allegations against Barrett, and there is no

18  indication that it had any part in the loss mitigation activity underlying the claims in this action,

19  or even any notice of the same, anywhere in either complaint.

20  **A.     There Are No Substantive Allegations Implicating Barrett In The Wrongful**

21          **Conduct Alleged In The Complaints.**

22         "[A] federal court must disregard nominal . . . parties and rest jurisdiction only upon the

23  citizenship of real parties to the controversy." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th

24  Cir. 2004); *see also*, *Canas v. Citimortgage, Inc.*, 2013 U.S. Dist. LEXIS 80893, at *8-10 (C.D.

25  Cal. June 7, 2013) (trustee was nominal party where plaintiffs did not make substantive claims

26  against it outside of general trustee duties).  "A defendant is a nominal party where his role is

27  limited to that of a stakeholder." *Hewitt v. Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (alleged

28  nominal party was potentially liable in damages on a claim, so not regarded as nominal).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

A foreclosure trustee has an extremely narrow role, which is limited to "preparing for and conducting the [trustee's] sale," as set forth in Civil Code § 2924, *et seq.* As the Court of Appeal explained in *Pro Values Properties, Inc. v. Quality Loan Service Corp.*, 170 Cal. App. 4th 579, 583 (2009), the duties of a foreclosure trustee are as follows:

> The trustee in a non-judicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary. The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist. In short, the trustee... performs ministerial acts which, when properly executed, result in the transfer of title to the [trustee's sale] purchaser.

Recent district court authority echoes this holding, explaining that a foreclosure trustee's "only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust." *Swanson v. EMC Mortg. Corp.*, 2009 U.S. Dist. LEXIS 122216, *10-11 (E.D. Cal. Dec. 9, 2009) (citations omitted.)

In the present case, Barrett's ministerial activities would fall into the first category – to record notices of default and sale following the plaintiffs' default on the loan. Indeed, the only conduct Barrett is accused of committing is that it "scheduled" and "proceeded towards" a sale following the loan's undisputed default. (Compl. ¶43; FAC ¶47).

"It is well established that, unless an agent or employee acts as a dual agent . . . [it] cannot be held individually liable as a defendant unless [it] acts for [its] own personal advantage." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003); *Nong v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 131890 at *4 (C.D. Cal. Nov. 22, 2010); *Bond v. Cal. Western Reconveyance Corp.*, 2012 U.S. Dist. LEXIS 81419 at **4-5 (N.D. Cal. June 12, 2012). The *Nong* and *Bond* decisions are right on point: each held that, where a trustee defendant is alleged to have acted only as agent for a lender, the trustee's citizenship may be ignored for purposes of assessing diversity of citizenship.

1    [T]he Court finds that [trustee] LSI was acting as an agent. Furthermore, Nong

2    does not provide any allegations that LSI was a dual agent or acted for its own

3    personal advantage in filing the Notice of Default. Thus, LSI cannot be held

4    individually liable as a defendant.

5    [¶]

6    Accordingly, the Court concludes that LSI is a fraudulently joined defendant. LSI's

7    citizenship does not destroy diversity jurisdiction and, therefore, removal was

8    proper.

9    *Nong*, 2010 U.S. Dist. LEXIS 131890 at **4-5.

10    In this action, plaintiffs assert that LSI and Cal Western acted as "agent" and

11    "trustee," respectively, of Wells Fargo when they executed the Notice of Default. .

12    . . Plaintiffs make no allegation that either LSI or Cal Western acted as a "dual

13    agent" or for personal advantage.

14    [¶]

15    Plaintiffs have failed to state a claim for relief against LSI or Cal Western

16    accordingly to the settled rules of California law. Accordingly, LSI and Cal

17    Western are fraudulent defendants whose citizenship shall not destroy diversity

18    jurisdiction over this action.

19    *Bond*, 2012 U.S. Dist. LEXIS 81419 at **4-5.

20    Where the plaintiff fails to allege that the trustee violated some statutory duty owed and

21    makes only bare factual allegations against the trustee, the trustee is fraudulently joined.

22    *Sherman v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 51641, *3-*7 (E.D. Cal. May 12,

23    2011).  Similarly, where the allegations fail to demonstrate that the trustee acted as the lender's

24    agent with respect to the statutory obligations being sued upon, fraudulent joinder also exists.

25    *Moreno v. Wells Fargo*, 2011 U.S. Dist. LEXIS 146195, *18-*23 (N.D. Cal. Dec. 20, 2011).

26    While plaintiffs make much of the fact that the complaint contained HBOR claims, and

27    HBOR provides for trustee liability, that does not mean the thin allegations in the complaints

28    here are enough to establish individual liability against Barrett.  Courts have held that, even if

1  there are HBOR claims, where a trustee "is sued only in its capacity as [the lender's] agent

2  bolsters the conclusion that it faces no individual liability." *Ogamba v. Wells Fargo Bank, N.A.*,

3  2017 U.S. Dist. 158059, *8 (E.D. Cal. Sept. 25, 2017) (holding that the mere existence of a Civil

4  Code §2923.6 claim against the lender does not defeat diversity jurisdiction).

5  There are no allegations anywhere in either complaint that Barrett had any part in the loss

6  mitigation activity that underlies the allegations in the complaint.  There are no allegations in

7  either complaint that plaintiffs communicated with Barrett, or that Barrett had any notice of the

8  supposed wrongful conduct in the complaint at any time prior to the filing of this action.[1]  That

9  is, the only allegations in the complaint and FAC are that Barrett undertook ministerial actions as

10  foreclosure trustee, i.e. as Wells Fargo's agent, with no active participation in any supposedly

11  wrongful activity.[2]

12  Also, the claims themselves suffer from numerous fatal defects, as set forth in Wells

13  Fargo's motion to dismiss the original complaint and pending motion to dismiss the FAC.  If

14  plaintiffs cannot state any claims against Wells Fargo, they cannot state any claims against Wells

15  Fargo's agent.

16  **B.**     **Barrett's Actions Were Privileged.**

17  Actions related to the foreclosure filings and trustee's sale are privileged, preventing a

18  claim for damages against the trustee. Civil Code § 2924(d) (incorporating Civil Code § 47(c)).

19  This privilege bars claims arising out of the statutorily required mailing, publication, and

20  delivery of notices in non-judicial foreclosure, and the performance of statutory non-judicial

21  procedures absent a showing of malice. *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 339

22  (2008).

23  / / /

24

---

[1] Plaintiffs' contention that Barrett was on notice of the violations because it "refused to postpone a foreclosure sale, despite the fact that Plaintiffs gave them notice of these violations prior to bringing this action by giving them notice of the ex parte application for a temporary restraining order" (Mot. 9:2-5), that necessarily happened after the case was filed.

[2] It should be noted that plaintiffs have never objected to the declaration of nonmonetary status filed by Barrett.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    As the *Ogamba* court noted, HBOR provides that: "[n]othing in this section shall be

2  construed to alter, limit, or negate any other rights, remedies, or procedures provided by law."

3  Cal. Civil Code §2924.12(h).  One such preexisting right is the qualified privilege barring a

4  trustee's liability, absent "actual malice," for performing statutorily required, non-judicial

5  foreclosure duties, including mailing, publicizing and delivering notices."  2017 U.S. Dist.

6  LEXIS 158059, *7-*8 (holding that HBOR did not change analysis for trustee's privilege under

7  Civil Code §2924(d)).

8    This closes the door on liability for Barrett in this case.  As plaintiffs themselves allege,

9  Barrett's only conduct leading to its being named was to record a notice of default in 2018 and

10  schedule a foreclosure sale when it had no notice of any supposed wrongdoing.  (Compl. ¶¶43,

11  50, 57; FAC ¶¶47, 60, 74).  Contrary to any statements made in the motion, there are no

12  allegations that Barrett undertook these actions with malice.  Neither the complaint nor the FAC

13  even allege that Barrett was aware of any loss mitigation activity happening with respect to the

14  loan.

15    District Courts have found other California trustee's to be fraudulently joined in materially

16  similar cases thereby affirming the Court's diversity jurisdiction.  *See e.g.*, *Marquez v. Wells*

17  *Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364, at *3-5 (N.D. Cal. Sept. 13, 2013) ("As for

18  Cal Western, Wells Fargo alleges that it is a nominal party (as trustee under the deed of trust), and

19  that it was fraudulently joined by plaintiffs in an attempt to defeat diversity."; Court ignored non-

20  diverse trustee and denied motion to remand after finding that Wells Fargo is a citizen of South

21  Dakota); *Sherman v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 51641, at *7 (E.D. Cal.

22  May 12, 2011) ("In light of a trustee's limited contractual duties under state law and the trustee's

23  limited involvement as alleged in the complaint, the court finds that Cal-Western was fraudulently

24  joined for diversity purposes."); *Moreno v. Wells Fargo*, 2011 U.S. Dist. LEXIS 146195, at *23

25  (N.D. Cal. Dec. 20, 2011) ("the Court finds that Cal-Western was fraudulently joined").

26    Additionally, each of the above cases found that the trustee was fraudulently joined or a

27  nominal party at the pleading stage of the case. And the *Bond*, *Marquez* and *Moreno* cases each

28  included a UCL claim. *See Bond*, 2012 U.S. Dist. LEXIS 81419 at **4-5; *Marquez*, 2013 U.S.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Dist. LEXIS 131364 at *3; *Moreno*, 2011 U.S. Dist. LEXIS 146195 at *2.

2   ### 3.   PLAINTIFFS REQUEST FOR ATTORNEYS' FEES IS

3   ### PROCEDURALLY DEFECTIVE AND UNWARRANTED

4   The motion makes a vague request for unspecified attorneys' fees in bringing the motion.

5   (Mot. §III(C)).  First, plaintiffs do not state anywhere in the notice of motion or the motion itself

6   how much they are seeking in fees in costs.  Nor have they submitted any evidence of fees or

7   costs incurred such as billing statements or, at the very least, a declaration from plaintiffs'

8   counsel.  The request is totally improper, and to grant any attorneys' fees would be a due process

9   abuse based on the "showing" plaintiffs have made in the motion.

10   Next, awarding any attorneys' fees is unwarranted because: (1) there is diversity

11   jurisdiction, and (2) even if there were not diversity jurisdiction, Wells Fargo' s removal was

12   objectively reasonable.

13   As the Supreme Court noted in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141

14   (2005), an award of attorneys' fees on a remand motion should be awarded only in " unusual

15   circumstances."  " Absent unusual circumstances, courts may award attorney's fees under §

16   1447(c) only where the removing party lacked an objectively reasonable basis for seeking

17   removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

18   Here, there was an objectively reasonable basis for the removal because Wells Fargo is

19   not a citizen of California, Barrett is a fraudulently joined nominal party, and the amount in

20   controversy exceeds $75,000.  Indeed, courts consistently deny requests for attorneys' fees on

21   similar motions to remand.  *See, e.g., Regents for University of California ex rel. its San Diego*

22   *Medical Center v. United Healthcare Ins. Co.*, 2012 WL 4471416, at *5 (S.D. Cal., Sept. 25,

23   2012); *Ramos-Arrizon v. JP Morgan Chase Bank, N.A.*, 2012 WL 3762455, at *5 (S.D. Cal.,

24   Aug. 28, 2012); *Lyddy v. World of Jeans & Tops*, 2012 WL 760570, at *3, fn. 3. (S.D. Cal.,

25   Mar. 7, 2012).

26   ### 4.   CONCLUSION

27   For the reasons in the notice of removal and those briefed above, Wells Fargo

28   respectfully requests that the remand motion be denied.  However, if the Court is inclined to

1  grant the motion, the request for attorneys' fees is procedurally defective, and not warranted in

2  any event.

3                                            Respectfully submitted,

4  Dated:  May 4, 2018                       ANGLIN, FLEWELLING, RASMUSSEN,
                                             CAMPBELL & TRYTTEN LLP
5

6                                            By:   /s/ Scott T. Reigle
                                                  Scott T. Reigle
7                                                 sreigle@afrct.com
                                             Attorneys for Defendant
8                                            WELLS FARGO BANK, N.A., successor by
                                             merger with Wells Fargo Bank Southwest, N.A.,
9                                            f/k/a Wachovia Mortgage, FSB, f/k/a World
                                             Savings Bank, FSB ("Wells Fargo")
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 N. Lake Ave, Suite 1100, Pasadena, California 91101-4158.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S**
**OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System:**

| *Attorneys for Plaintiff* | *Attorneys for Defendant*<br>*Barrett, Daffin, Frappier, Treder*<br>*& Weiss, LLP* |
|---|---|
| Nelson W. Goodell, Esq.<br>THE GOODELL LAW FIRM<br>5 Third Street, Suite 1100<br>San Francisco, CA 94103<br>Tel: 415.495.3950<br>Fax: 415.495.6900<br>Email: nelson@goodelllawsf.com | Edward A. Treder, Esq.<br>James T. Lee, Esq.<br>BARRETT DAFFIN FRAPPIER<br>TREDER & WEISS, LLP<br>20955 Pathfinder Road, Suite 300<br>Diamond Bar, CA  91765<br>edwardt@bdfgroup.com<br>jamesl@bdfgroup.com<br>Tel: 626.915.5714<br>Fax: 626-915-0289 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on **May 4, 2018**.

| Marianne Mantoen | */s/ Marianne Mantoen* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP