Robert A. Bailey (# 214688)
 rbailey@afrct.com
Scott T. Reigle (# 288515)
 sreigle@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP
301 N. Lake Ave, Suite 1100
Pasadena, CA  91101-4158
Telephone: (626) 535-1900
Facsimile:  (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TUTTLE and MARY KATHLEEN TUTTLE;<br><br>          Plaintiffs,<br><br>     v.<br><br>WELLS FARGO BANK, N.A., WELLS FARGO HOME MORTGAGE; BARRETT DAFFIN FRAPIER TREDER & WEISS LLP; and DOES 1 through 20, inclusive;<br><br>          Defendants. | CASE NO.: 3:18-CV-01544-JCS<br><br>[The Honorable Joseph C. Spero]<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF THE MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:      June 8, 2018<br>Time:     9:30 a.m.<br>Ctrm:     G, 15th Fl. |

**TABLE OF CONTENTS**

Page

1.  INTRODUCTION ..................................................................................................................1

2.  PLAINTIFFS CONCEDE THAT HAMP ELIGIBILITY IS A NON-ISSUE
    WITH RESPECT TO THIS ACTION....................................................................................1

3.  THE OPPOSITION DOES NOTHING TO REVIVE THE FATALLY
    DEFECTIVE HBOR CLAIMS................................................................................................2

    A.  The Section 2923.6 Claim Is Still Fatally Defective. ..............................................2

    B.  The Opposition Concedes That Section 2923.7 Was Never Triggered. .................4

    C.  Plaintiffs' Attempt To Read New Requirements Into Section 2924.11 Is
        Improper....................................................................................................................6

    D.  The Opposition Ignores The MTD's Authorities Defining A "Material"
        Violation Of HBOR..................................................................................................7

4.  THE UCL CLAIM FAILS FOR LACK OF A PREDICATE ACT, AND
    PLAINTIFFS LACK STANDING IN ANY CASE................................................................8

5.  THE NEGLIGENCE CLAIM FAILS AS A MATTER OF LAW .....................................9

    A.  The Opposition Ignores The Clear Weight Of Authority Re: Lender
        Liability Negligence.................................................................................................9

    B.  The Opposition Does Nothing To Demonstrate A Causal Connection
        Between The Alleged Conduct And Any Resulting Damages. .............................11

6.  CONCLUSION....................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Amer v. Wells Fargo Bank NA*,
  2017 U.S. Dist. LEXIS 178743 (N.D. Cal. Oct. 27, 2017)..................................................10

*Beavers v. New Penn Fin. LLC*,
  2018 U.S. Dist. LEXIS 5420 (E.D. Cal. Jan. 11, 2018)........................................................5

*Bell v. Wells Fargo Bank, N.A.*,
  2014 U.S. Dist. LEXIS 153170 (C.D. Cal. 2014)..................................................................7

*Benson v. Ocwen Loan Servicing, LLC*,
  562 Fed. Appx. 567 (9th Cir. 2014)......................................................................................11

*Castillo v. Wells Fargo Bank, N.A.*,
  2015 U.S. Dist. LEXIS 94176 (N.D. Cal. July 17, 2015).....................................................7

*Cerecedes v. U.S. Bankcorp*,
  2011 U.S. Dist. LEXIS 75559 (C.D. Cal. July 11, 2011).....................................................8

*Curtis v. Nationstar Mortg. LLC*,
  2015 U.S. Dist. LEXIS 109779 (N.D. Cal. Aug. 19, 2015)................................................10

*Deschaine v. IndyMac Mortg. Servs.*,
  617 F. App'x 690 (9th Cir. 2015).......................................................................................3, 4

*Fink v. Wells Fargo Bank, N.A.*,
  2015 U.S. Dist. LEXIS 67296 (N.D. Cal. May 21, 2015)....................................................4

*Fisher v. Nationstar Mortg. LLC*,
  2018 U.S. Dist. LEXIS 69004 (N.D. Cal. April 24, 2018).................................................10

*Forster v. Wells Fargo Bank, N.A.*,
  2018 U.S. Dist LEXIS 10854 (N.D. Cal. Jan. 23, 2018)....................................................10

*Gonzales v. Wells Fargo Bank NA*,
  2015 U.S. Dist. LEXIS 24233 (N.D. Cal. Feb. 26, 2015)....................................................2

*Hall v. Mortgage Investors Group*,
  2011 U.S. Dist. LEXIS 105999 (E.D. Cal. Sept. 16, 2011).................................................1

*Jerviss v. Select Portfolio Servicing, Inc.*,
  2015 U.S. Dist. LEXIS 159630 (E.D. Cal. Nov. 24, 2015).................................................5

*Judan v. Wells Fargo Bank, N.A.*,
  2017 U.S. Dist. LEXIS 114219 (N.D. Cal. July 21, 2017)...................................................4

*Montes v. Wells Fargo Bank, N.A.*,
  2017 U.S. Dist. LEXIS 174475 (E.D. Cal. Oct. 20, 2017) ......................................................... 4

*Ogamba v. Wells Fargo Bank, N.A.*,
  2018 U.S. Dist. LEXIS 11734 (N.D. Cal. Jan. 24, 2018) ........................................................... 3

*Reyes v. Wells Fargo Bank, N.A.*,
  2017 U.S. Dist. LEXIS 198129 (C.D. Cal. Aug. 17, 2017) ....................................................... 4

*Smith v. Wells Fargo Bank, N.A.*,
  2016 U.S. Dist. LEXIS 8368 (N.D. Cal. Jan. 25, 2016) ............................................................. 4

*Taylor v. CitiMortgage, Inc.*,
  2018 U.S. Dist. LEXIS 75231 (E.D. Cal. May 3, 2018) ............................................................ 5

*Travis v. Nationstar Mortg., LLC*,
  2018 U.S. App. LEXIS 11902 (9th Cir. May 7, 2018) ........................................................... 2, 3

*Walsh v. Nev. Dep't of Human Res.*,
  471 F. 3d 1033 (9th Cir. 2006) ................................................................................................... 1

*Williams v. Wells Fargo Bank, NA*,
  2013 U.S. Dist. LEXIS 68615 (C.D. Cal. May 13, 2013) .......................................................... 8

**STATE CASES**

*Agnew v. State Bd. of Equal.*,
  21 Cal.4th 310 (1999) ................................................................................................................. 7

*Alvarez v. BAC Home Loans Servicing, LP*,
  228 Cal. App. 4th 941 (2014) ............................................................................................... 9, 10

*El-Attar v. Hollywood Presbyterian Med. Ctr.*,
  56 Cal. 4th 976 (2013) ................................................................................................................ 7

*Hamilton v. Greenwich Investors XXVI, LLC.*,
  195 Cal. App. 4th 1602 (2011) .................................................................................................. 8

*Jenkins v. JP Morgan Chase Bank, N.A.*,
  216 Cal. App. 4th 497 (2013) .................................................................................................... 9

*Jolley v. Chase Home Fin. LLC*,
  214 Cal. App. 4th 872 (2013) ............................................................................................. 10, 11

*Lueras v. BAC Home Loans Servicing, LP*,
  221 Cal. App. 4th 49 (2013) ........................................................................................... 9, 10, 11

*Mabry v. Superior Court*,
  185 Cal. App. 4th 208 (2010) .................................................................................................... 8

*People v. Johnson*,
    28 Cal. 4th 240 (2002) ................................................................................................... 7

*Price v. Starbucks Corp.*,
    192 Cal.App.4th 1136 (2011) ........................................................................................ 8

*South Coast Regional Com. v. Gorder*,
    84 Cal. App. 3d 612 (1978) ........................................................................................... 2

**STATE STATUTES**

Cal.Civ. Code § 2923.4(a) ................................................................................................... 8

Cal. Civ. Code § 2923.6 ............................................................................................ 2, 3, 4, 6

Cal. Civ. Code § 2923.6(c)(3) .............................................................................................. 4

Cal. Civ. Code § 2923.6(g) .................................................................................................. 3

Cal. Civ. Code § 2923.7 ............................................................................................... 4, 5, 6

Cal. Civ. Code § 2923.7 ....................................................................................................... 3

Cal. Civ. Code § 2923.7(a) ................................................................................................... 5

Cal. Civ. Code § 2924.11 .................................................................................................. 2, 6

Cal. Civ. Code § 2924.11(a) ................................................................................................. 6

**REGULATIONS**

12 C.F.R. § 1024.41 ............................................................................................................. 6

12 C.F.R. § 1024.41(i) .......................................................................................................... 6

## 1. INTRODUCTION

The opposition (Doc. 42) fails to effectively engage with or refute the arguments raised in Wells Fargo's motion to dismiss ("MTD")(Doc. 34) the first amended complaint ("FAC"). Plaintiffs' brief either ignores or deflects from the authorities raised in the MTD, and in no instance offers any arguments that overcome them. For the reasons stated in the MTD, and those discussed in greater detail below, the Court should grant the MTD with prejudice.

## 2. PLAINTIFFS CONCEDE THAT HAMP ELIGIBILITY IS A NON-ISSUE WITH RESPECT TO THIS ACTION

The FAC devotes a significant number of allegations to discussing plaintiffs' supposed qualifications under the HAMP program, and Wells Fargo's allegedly wrongful refusal to modify the loan under those guidelines. (*See* FAC ¶¶19, 33-34, 36, 51, 63, 65, 81-82, 87-89).

As discussed in the MTD, there are at least three reasons why those allegations fail as a matter of law: (1) the HAMP program sunset on December 31, 2016, well in advance of any of the conduct alleged in the FAC (MTD at 3:22-28); (2) the loan exceeded the maximum principal balance for HAMP even when the HAMP program was in force (MTD at 4:1-6); and (3) there is no obligation for a lender to modify a loan under HAMP even when the loan qualifies. (MTD at 4:7-13).

The opposition raises no arguments against any of these arguments. In fact, with the exception of a few stray references (*i.e.* Oppo. at 19:20-25), there is no mention of HAMP anywhere in the opposition.

Plaintiffs' failure to oppose the MTD on this point is a concession that Wells Fargo's argument is correct, and that the HAMP allegations are meritless. *Walsh v. Nev. Dep't of Human Res.*, 471 F. 3d 1033, 1037 (9th Cir. 2006) (failure to raise issue in opposition to a motion to dismiss abandons the claim); *Hall v. Mortgage Investors Group*, 2011 U.S. Dist. LEXIS 105999, *15-*16 (E.D. Cal. Sept. 16, 2011) (discussing failure to oppose a statute of limitations argument as conceding the truth of the argument). Plaintiffs discussions of qualification for a modification based on HAMP or other nebulous "federal guidelines" are a red herring. Because plaintiffs have conceded the point, it does not merit further discussion.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

### 3. THE OPPOSITION DOES NOTHING TO REVIVE THE FATALLY DEFECTIVE HBOR CLAIMS

**A.     The Section 2923.6 Claim Is Still Fatally Defective.**

The first, and most insurmountable, reason why the first claim is defective beyond amendment is that Section 2923.6 was not triggered prior to its being repealed on January 1, 2018. (MTD at 4:20-5:5). There are only three events that can trigger Section 2923.6's dual tracking prohibitions: the recording of a notice of default, the recording of a notice of sale, or the conduct of a nonjudicial foreclosure sale. *See Gonzales v. Wells Fargo Bank NA*, 2015 U.S. Dist. LEXIS 24233, *7 (N.D. Cal. Feb. 26, 2015).

As argued in the MTD, the only event that has occurred which could trigger Section 2923.6 is the recording of the January 5, 2018 notice of trustee's sale (RJN Ex. M), which occurred after Section 2923.6 had been repealed and replaced by Section 2924.11. (MTD at 4:20-5:5). That is, plaintiffs' right to invoke HBOR's remedies based on a violation of Section 2923.6 did not accrue before it that statute became inoperable.

In an attempt to avoid this reality, plaintiffs invoke the rule of "statutory continuity", and cite to the recent unpublished Ninth Circuit appellate decision in *Travis v. Nationstar Mortg., LLC*, 2018 U.S. App. LEXIS 11902 (9th Cir. May 7, 2018). (Oppo. at 8:18-9:8). Plaintiffs' reliance on statutory continuity and the *Travis* decision is misplaced.

"[A] party's rights and remedies under a statute may be enforced after repeal only where such rights have vested prior to repeal." *South Coast Regional Com. v. Gorder*, 84 Cal. App. 3d 612, 618-619 (1978). "The justification for this rule is that all statutory remedies are pursued with full realization that the Legislature may abolish the right to recover at any time." *Id*. at 619 (internal citations and quotations omitted). The *South Coast* court went on to hold that denying the attorneys' fees at issue was proper because, while the suit had begun while the statutory attorneys' fees provision was in place, judgment was not entered - the triggering mechanism for the attorneys' fees provision – prior to repeal of the former section and its replacement with a statute that had no attorneys' fees provision. *Id*. at 619-620.

As already stated, plaintiffs' remedies under Section 2923.6 had not "vested prior to

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  repeal." Any such "rights" or remedies "vested" only after the repeal of Section 2923.6, which is
2  to say they did not vest at all.

3  When viewed through the proper analysis, the recent *Travis* decision is wholly consistent
4  with statutory continuity. It appears, although is unknown, that the lender in *Travis* was trying to
5  argue that any rights that had vested prior to 2018 were no longer actionable after 2018. That is
6  not what is being argued here. Looking at the litigation underlying the decision, *Travis v.*
7  *Nationstar*, C.D. Cal. Case No. 15-cv-06516, the conduct that supposedly violated Section
8  2923.6 occurred exclusively in 2014 and 2015, including a 2015 foreclosure sale. (*See Travis*
9  docket, Doc. 15 at ¶¶19-37). Any HBOR statutes were thus triggered – the plaintiff's rights
10 vested – prior to the January 1, 2018 repeal of Section 2923.6. The opposition attempts to stretch
11 the *Travis* opinion to places it was clearly never intended to go.

12 Next, in an apparent effort to avoid the default on the modified loan removing the loan
13 from the protections of Section 2923.6, as articulated in the cited *Deschaine v. IndyMac Mortg.*
14 *Servs.*, 617 F. App'x 690, 693-694 (9th Cir. 2015) decision, plaintiffs attempt to take issue with
15 "the amount of the arrearage as well as Wells Fargo's claim of the time of default." (Oppo. at
16 12:5-28). Plaintiffs never actually deny that they were in default on the modified loan, meaning
17 that *Deschaine* applies.

18 Recent authority has embraced the analysis in *Deschaine*. An instructive case is *Ogamba*
19 *v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 11734 (N.D. Cal. Jan. 24, 2018), for the
20 borrower asserted claims under Sections 2923.6 and 2923.7 after a completed trustee's sale. In
21 granting Wells Fargo's motion to dismiss in full, the district court cited *Deschaine* and the
22 Section 2923.6(g) exception, explaining that plaintiff's default on a previous modification
23 precluded her from maintaining these claims. *Ogamba*, 2018 U.S. Dist. LEXIS at *7 ("The two
24 cited HBOR protections, the right to a single point of contact as defined by law and protection
25 against dual tracking, apply only to a borrower's first loan modification application. Plaintiff,
26 proceeding on her third loan modification application, enjoyed neither statutory privilege.")

27 Other district courts have recently followed *Deschaine*, dismissing HBOR claims due to
28 the borrower's receipt of a prior modification and a subsequent default on the modified loan. *See*

*e.g. Smith v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 8368, *7-8 (N.D. Cal. Jan. 25, 2016) ("under section 2923.6(c)(3), a borrower who already obtained and defaulted on a first lien loan modification is not entitled to the protections against recording of notices and conducting a trustee's sale during the pendency of a later loan modification application."); *Montes v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. LEXIS 174475, *14 (E.D. Cal. Oct. 20, 2017) (the district court cited *Deschaine* and held: "An unpublished, persuasive Ninth Circuit opinion explains § 2923.6 does not apply where, as here, a plaintiff has already defaulted on prior loan modifications.")[1]

Beyond that, the default is established by judicially noticeable documents which are beyond reasonable dispute. (RJN Exs. E, F, K, M). Critically, Wells Fargo's motion for relief from the automatic stay in 2016 established a long history of missed payments, and the bankruptcy court necessarily relied on those characterizations in granting the unopposed motion. (RJN Ex. K; Ex. G at Doc. 70). Thus, they are established facts.

Finally, the opposition's clarification that a new application was submitted after the March 2017 application is the death knell for this claim. (Oppo. at 10:2-8). Even if there were violations with respect to the March 2017 application, that review was effectively superseded by the new review, making any claims relating to the earlier application inactionable. *See Fink v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 67296, *12-*14 (N.D. Cal. May 21, 2015) ("Even if the original notice of default was recorded prior to the time that Wells Fargo considered and denied the original RMA, the sale effectively was postponed through two - additional RMAs. The violation, if any, is not material.")

**B.     The Opposition Concedes That Section 2923.7 Was Never Triggered.**

In addition to the default on the prior modification removing the protections of Section 2923.7, as already discussed, the second claim fails on additional grounds. Notably, the

---

[1] *See also Reyes v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. LEXIS 198129, *14, n.10 (C.D. Cal. Aug. 17, 2017) ("In addition, the HBOR claims would fail even if HBOR applied because of Plaintiff's default on a prior modification."); *Judan v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. LEXIS 114219, *14 (N.D. Cal. July 21, 2017) (acknowledging rule but declining to dismiss claim at the 12(b)(6) phase because "the Court cannot find at this juncture that Plaintiffs accepted a written first lien modification prior to defaulting.")

allegations fail to allege that plaintiffs ever specifically requested appointment of a single point of contact, a necessary event to trigger Section 2923.7. Civil Code § 2923.7(a); *Jerviss v. Select Portfolio Servicing, Inc.*, 2015 U.S. Dist. LEXIS 159630, *18-*19 (E.D. Cal. Nov. 24, 2015)**.**

The opposition dismisses this argument, citing to some older decisions holding that a specific request is not necessary. (Oppo. at 14:14-15:6).

However, this is not a trivial point. Very recent district court opinions hold that the specific request allegation is necessary to trigger statutory liability. *See Taylor v. CitiMortgage, Inc.*, 2018 U.S. Dist. LEXIS 75231, *6-*7 (E.D. Cal. May 3, 2018) (citing cases: "The statutory language of § 2923.7 is plain that in order to trigger any obligation on the part of the mortgage servicer to establish a single point of contact, the borrower must first make a request for a foreclosure prevention alternative."); *Beavers v. New Penn Fin. LLC*, 2018 U.S. Dist. LEXIS 5420, *13-*14 (E.D. Cal. Jan. 11, 2018) ("As an initial matter, Plaintiff fails to allege that he requested a SPOC to facilitate the review of his loan modification applications, which is a threshold requirement for a claim for a violation of this provision. See Cal. Civ. Code §2923.7(a)").

The reasoning in the *Jerviss* opinion cited in the MTD provides compelling logic for this position. In short, requiring a specific request is far more faithful to the statutory language, and does not require the Court to substitute its judgment for that of the legislature:

> Defendants' argument is more faithful to the plain language of section 2923.7. In interpreting statutes, courts must avoid treating statutory terms as "superfluous, void or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001). **The plain language of Civil Code section 2923.7(a) requires two explicit requests: (1) the borrower must request a foreclosure prevention alternative and (2) the borrower must request a single point of contact.** Hatton, 2015 U.S. Dist. LEXIS 89448, 2015 WL 4112283 at *6. **If the Legislature intended to trigger the obligation to provide a single point of contact upon a borrower's request for a foreclosure alternative, it would not have specifically referenced the borrower's need to request a single point of contact in the introductory clause of Civil Code section 2923.7(a).** The Court will not adopt Plaintiffs' argument and thereby treat that introductory clause as "superfluous, void, or insignificant." TRW Inc., 534 U.S. at 31 (2001). By failing to allege that Plaintiffs requested a single point of contact, the Complaint fails to state a claim under section 2923.7(a) (emph. added)

2015 U.S. Dist. LEXIS 159630, *18-*19.

The opposition admits that no specific request was ever made. As with the Section 2923.6 claim, the Section 2923.7 was never triggered. Accordingly, the claim fails as a matter of law.

**C.     Plaintiffs' Attempt To Read New Requirements Into Section 2924.11 Is Improper.**

Given that Section 2924.11 is a new statute, there is little to no case authority interpreting it. However, the clear statutory language of Section 2924.11 only contemplates a single modification application. *See* Civil Code §2924.11(a) ("If a borrower submits *a* complete application . . ." (emph. added)). There is no right to appeal a denial, nor is there any provision for any circumstances in which a borrower may obtain a further review, such as a documented change in circumstances, as there was under Section 2923.6. The legislature specifically removed the language allowing for multiple reviews based on a change in circumstances. This is consistent with 12 C.F.R. §1024.41(i) of RESPA, which includes an explicit limitation to a single review.

To be clear, Wells Fargo is not arguing that Section 2924.11 is absolutely preempted by RESPA. Under either Section 2924.11 or RESPA, a borrower is entitled to a single modification review.

What is inconsistent with RESPA is plaintiffs' self-serving interpretation of Section 2924.11 that would require infinite modification reviews. Such an unlimited right to modification reviews is not provided for in the statute, and is inconsistent with 12 C.F.R. §1024.41's explicit language.

It is not even clear that plaintiffs' expansive and illogical proposed interpretation of Section 2924.11 would be more protective of consumers' rights. (Oppo. at 9:16-28). Indeed, if borrowers could simply resubmit limitless modification applications, whether or not those applications had any merit, delinquent borrowers could keep themselves in review and stave off foreclosure *ad infinitum* with a never-ending parade of applications as each new sale date approached. In those circumstances, lenders would only extend credit to borrowers if the lenders could be absolutely certain that no modifications would ever be necessary. That is, only the most-qualified potential borrowers, i.e. those with the least need for secured loans to purchase a

94000/FR0034/02059228-2                                      6                        CASE NO.: 3:18-CV-01544-JCS
                                                                                   REPLY ISO WELLS FARGO'S MTD RE: FAC

1  home, would be extended credit, as foreclosures would become a dead remedy for lenders.  This
2  would only serve to exacerbate the already intractable housing affordability crisis California
3  currently finds itself in.
4      Based on the FAC's allegations, as clarified by the opposition, plaintiffs are doing just
5  that.  With a sale date approaching in early 2018, they simply submitted a new modification
6  application to prevent foreclosure.  Plaintiffs here have been in default on the modified loan
7  since 2009, and were denied a modification in 2017.  Plaintiffs may take issue with that decision,
8  but, plaintiffs received their review.  For reasons discussed in the MTD and below, any HBOR
9  violations were not material.  But, as it relates to plaintiffs' 2018 application, they were not
10 entitled to another review.

**D.    The Opposition Ignores The MTD's Authorities Defining A "Material" Violation Of HBOR.**

The primary argument plaintiffs rely on in opposition to the materiality argument seems to be that "materiality" is hard to define. (Oppo. at 15:15-16:14).  But the MTD cites numerous authorities more recent than the opposition's in which district courts have, in fact, defined materiality.  (*See* MTD §4(D)).

It is not enough that a technical violation of HBOR is alleged. *See e.g. Bell v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 153170, *7-10 (C.D. Cal. 2014) (dismissing Section 2923.55 claim because modification review occurred after the notice of default was recorded). An HBOR claim must also allege that the supposed violation prejudiced the ability to obtain a modification.  *Castillo v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 94176, at *3 (N.D. Cal. July 17, 2015).

"One of the guiding principles of statutory construction, [is] that significance be accorded every word of an act." *People v. Johnson*, 28 Cal. 4th 240, 246-247 (2002). "[W]henever possible, significance must be given to every word in pursuing the legislative purpose, and the court should avoid a construction that makes some words surplusage." *Agnew v. State Bd. of Equal.*, 21 Cal.4th 310, 330 (1999). Courts have understood  the term "material" to signify a breach or violation that caused actual harm. *See e.g., El-Attar v. Hollywood Presbyterian Med.*

1  *Ctr.*, 56 Cal. 4th 976 (2013) (violation of bylaws not "material" because it did not affect the final
2  outcome of administrative hearing).
3      As argued in the MTD, there are no credible allegations that plaintiffs would have
4  received a modification if the supposed HBOR violations had not occurred. Any allegations to
5  the contrary are self-serving and lack any basis. To reiterate, the Property is in jeopardy of
6  foreclosure because of plaintiffs' near decade-long default, not because of how modification
7  applications were processed in 2017 and 2018.

8      **4.    THE UCL CLAIM FAILS FOR LACK OF A PREDICATE ACT,**
9      **AND PLAINTIFFS LACK STANDING IN ANY CASE**

10      Plaintiffs rest on the defective HBOR allegations for the predicate act under the UCL.
11  (Oppo. at 17:5-8). For the reasons already discussed, the UCL claim must fail along with those
12  legally flawed claims. *Price v. Starbucks Corp.*, 192 Cal.App.4th 1136, 1147 (2011) ("Because
13  the underlying causes of action fail, the derivative UCL and PAGA claims also fail"); *Williams*
14  *v. Wells Fargo Bank, NA*, 2013 U.S. Dist. LEXIS 68615, at *13 (C.D. Cal. May 13, 2013)
15  ("Plaintiff's pleadings fail to allege any unlawful business practices that are not tied to his
16  already-dismissed Section 2923.5 claim, and so this claim must be dismissed."); *Cerecedes v.*
17  *U.S. Bankcorp*, 2011 U.S. Dist. LEXIS 75559, at *15-*17 (C.D. Cal. July 11, 2011) (Section
18  17200 claim dismissed where plaintiffs failed to allege an independent claim for violations of
19  California's non-judicial foreclosure scheme, Cal. Civ. Code §§ 2924-29241).
20      Plaintiffs also lack standing under the UCL. (MTD §5(B)). In opposition, plaintiffs
21  counter they have standing because "their property interest has been diminished by the
22  Defendants' willful violation of the Homeowners Bill of Rights and the Defendants' failure to
23  offer them a loan modification." (Oppo. at 18:19-28). Plaintiffs are incorrect.
24      As the MTD points out numerous times, plaintiffs are not entitled to a loan modification
25  as a matter of law. *Hamilton v. Greenwich Investors XXVI, LLC.*, 195 Cal. App. 4th 1602, 1617
26  (2011); *Mabry v. Superior Court,* 185 Cal. App. 4th 208, 222-223, 231 (2010); Civil Code
27  §2923.4(a).
28  / / /

Neither will the supposed diminution in Property value support the claim. As held in *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013), the court there found that the plaintiff lacked standing to bring an unfair competition claim because:

> It is also indisputable Jenkins's default triggered the lawful enforcement of the power of sale clause in the deed of trust, and it was the triggering of the power of sale clause that subjected Jenkins's home to nonjudicial foreclosure. **Moreover, Jenkins's SAC and opening brief acknowledge her default occurred *prior to* the six unlawful or unfair acts she alleges as the basis of her UCL action. As Jenkins's home was subject to nonjudicial foreclosure because of Jenkins' default on her loan, which occurred before Defendants' alleged wrongful acts, Jenkins cannot assert the impending foreclosure of her home (i.e., her alleged economic injury) was caused by Defendants' wrongful actions.** Thus, even if we assume Jenkins's third cause of action alleges facts indicating Defendants' action violated at least one of the UCL's three unfair competition prongs (unlawful, unfair, or fraudulent), Jenkins's SAC cannot show any of the alleged violations have a causal link to her economic injury.

*Id.* at 524 (emphasis added). The MTD cites numerous other cases holding the same, which plaintiffs fail to refute. (MTD at 12:13-13:10).

No causal connection is pled in the FAC linking any wrongful business act of Wells Fargo to any economic injury of plaintiffs. Accordingly, they lack standing, and dismissal with prejudice is warranted.

### 5. THE NEGLIGENCE CLAIM FAILS AS A MATTER OF LAW

**A. The Opposition Ignores The Clear Weight Of Authority Re: Lender Liability Negligence.**

The primary reason why the negligence claim based on Wells Fargo's processing of the loan modification applications is not actionable as a matter of law is that Wells Fargo did not owe plaintiffs a tort duty of care in this context. (MTD §6(A)). This argument is based on the increasingly favored decision in *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67 (2013) and its progeny.

Plaintiffs state that, in so arguing, "Wells Fargo ignores the overwhelming amont of recent authority ruling to the contrary." (Oppo. at 19:12). Not so. Plaintiffs advocate that the Court should adopt the reasoning of the increasingly disfavored *Alvarez v. BAC Home Loans*

*Servicing, LP*, 228 Cal. App. 4th 941 (2014) line of cases, applying the so-called *Biakanja* factors.  (Oppo. at 19:13-13-20:28).

The Court has already weighed in on the split in authority between *Lueras* and *Alvarez*, and held that it "agree[d] with those cases holding that a financial institution does not owe a borrower a duty of care in these circumstances because the loan modification process is a traditional money lending activity." *Amer v. Wells Fargo Bank NA*, 2017 U.S. Dist. LEXIS 178743, *31 (N.D. Cal. Oct. 27, 2017) (Spero, J.); *quoting Reiydelle v. J.P. Morgan Chase Bank, N.A.*, 2014 U.S. Dist. LEXIS 69872 (N.D. Cal. Jan. 28, 2014) (Spero, J.).

The Court is in line with "the majority of federal and state courts in California have found that servicers do not owe a duty of care to borrowers to 'offer, consider, or approve' a loan modification." *Curtis v. Nationstar Mortg. LLC*, 2015 U.S. Dist. LEXIS 109779, *16-*17 (N.D. Cal. Aug. 19, 2015) (citing cases; holding no duty of care exists).

Plaintiffs' argument that "there is no legitimate manner that there is any 'convincing evidence' that the California Supreme Court would agree with [Wells Fargo's] argument, rather than the *Alvarez* and *Jolley* opinions" also falls flat.  (Oppo. at 21:13-15).  Recent Northern District opinions have held that "the *Lueras* line of cases [is] more persuasive and [the Court] therefore concludes that, were it to address the issue, the California Supreme Court would most likely find that a mortgage servicer does not owe a borrower a duty of care in processing an application for a residential loan modification." *Fisher v. Nationstar Mortg. LLC*, 2018 U.S. Dist. LEXIS 69004, *25-*26 (N.D. Cal. April 24, 2018); *see also Forster v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist LEXIS 10854, *9-*10 (N.D. Cal. Jan. 23, 2018) (same).

Finally, the opposition cites to the wholly inapposite *Jolley v. Chase Home Fin. LLC*, 214 Cal. App. 4th 872 (2013) decision in support of the claim.  (Oppo. at 19:18-19; 22:8-12).  The *Jolley* loan was a construction loan, where "the relationship between lender and borrower is ongoing, in the sense that the parties are working together over a period of time, with disbursements made throughout the construction period, depending upon the state of progress towards completion." 213 Cal. App. 4th at 901.  The *Jolley* plaintiff was forced to take on additional, outside loans in order to get the original lender to make disbursements that it was

already required to make under the loan agreement. *Id.* at 900-901.

Here, there was no ongoing relationship between the parties. Wells Fargo performed its obligations when it fully funded at origination. It was plaintiffs who defaulted on their obligations. Plaintiffs did not obtain alternate financing or take any other affirmative steps to induce Wells Fargo to accept a modification application. As observed by the court in *Benson v. Ocwen Loan Servicing, LLC*, 562 Fed. Appx. 567, 570 (9th Cir. 2014), "[t]he duty of care imposed on construction lenders, does not apply in the residential loan context." *Citing Lueras*, 221 Cal. App. 4th at 66-67.

**B.** **The Opposition Does Nothing To Demonstrate A Causal Connection Between The Alleged Conduct And Any Resulting Damages.**

While plaintiffs state their "strong income", "lack of equity", and supposed "excellent candid[acy]" are grounds for a connection between the allegedly negligent conduct and their harm, that argument is empty. (Oppo. at 23:8-10).

Beyond the fact that there was no duty of care, Wells Fargo did not place plaintiffs in a position that they needed a modification. Where, as here, "the modification was necessary due to the borrower's inability to repay the loan, the borrower's harm, suffered from denial of a loan modification, [is] not . . . closely connected to the lender's conduct." *Lueras*, 221 Cal. App. 4th at 67. When "the lender did not place the borrower in a position creating the need for a loan modification, [] no moral blame . . . attache[s] to the lender's conduct." *Id*.

The claim is wholly meritless, and should be dismissed with prejudice.

/ / /

/ / /

/ / /

### 6. CONCLUSION

For the reasons discussed in the MTD, and those above, Wells Fargo respectfully requests that the Court dismiss the FAC with prejudice.

Respectfully submitted,

Dated: May 14, 2018

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Scott T. Reigle
    Scott T. Reigle
    sreigle@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 N. Lake Ave, Suite 1100 Pasadena, CA 91101-4158

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF THE MOTION TO DISMISS FIRST AMENDED COMPLAINT**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System:**

| *Attorneys for Plaintiff* | *Attorneys for Defendant Barrett, Daffin, Frappier, Treder & Weiss, LLP* |
|---|---|
| Nelson W. Goodell, Esq.<br>THE GOODELL LAW FIRM<br>5 Third Street, Suite 1100<br>San Francisco, CA 94103<br>Tel: 415.495.3950<br>Fax: 415.495.6900<br>Email: nelson@goodelllawsf.com | Edward A. Treder, Esq.<br>James T. Lee, Esq.<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>20955 Pathfinder Road, Suite 300<br>Diamond Bar, CA 91765<br>edwardt@bdfgroup.com<br>jamesl@bdfgroup.com<br>Tel: 626.915.5714<br>Fax: 626-915-0289 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **May 14, 2018**.

| Marianne Mantoen | */s/ Marianne Mantoen* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |