UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TUTTLE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No. 18-cv-01544-JCS<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 34, 36 |

## I.　INTRODUCTION

This action was initially filed in state court. Plaintiffs Jason Tuttle and Mary Kathleen Tuttle assert several claims under California law pertaining to a pending foreclosure of the Tuttles' home in San Rafael, California against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Wells Fargo Home Mortgage,[1] and Barrett Daffin Frappier Treder & Weiss LLP ("Barrett Daffin"). Wells Fargo removed to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332, and contending that the Court should disregard Barrett Daffin as fraudulently joined and as a nominal defendant. The Tuttles move to remand, and the Court held a hearing on May 25, 2018. For the reasons discussed below, the Tuttles' motion is GRANTED, except as to their request for attorneys' fees, and this action is REMANDED to the California Superior Court for the County of Marin.[2] Because this Court lacks jurisdiction over the action, Wells Fargo's pending motion to dismiss is DENIED without prejudice to raising any arguments in state court.

---

[1] Wells Fargo asserts in its notice of removal, and the Tuttles do not dispute, that Wells Fargo Home Mortgage is a division of Wells Fargo and was erroneously named as a separate defendant. This order therefore disregards Wells Fargo Home Mortgage for the purpose of analyzing diversity jurisdiction and remand.
[2] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Allegations of the First Amended Complaint

The Tuttles allege that on October 5, 2006, they refinanced their home mortgage with World Savings Bank, FSB, which was later acquired by Wells Fargo. 1st Am. Compl. ("FAC," dkt. 30) ¶¶ 20, 22. On March 17, 2017, Wells Fargo denied an application for loan modification, citing "the results of [the Tuttles'] net present value (NPV) evaluation." *Id.* ¶¶ 24–25. According to the Tuttles, Wells Fargo failed to include required information in its denial letter and did not respond to a letter requesting that information. *Id.* ¶¶ 26–31. The Tuttles appealed the denial on April 13, 2017, but Defendants nevertheless recorded a notice of trustee's sale on January 5, 2018. *Id.* ¶¶ 30, 32. The Tuttles contend that they were and are well qualified for a loan modification. *Id.* ¶¶ 32–37, 44. A Wells Fargo representative acknowledged on February 12, 2018 that the Tuttles had a complete application pending and that Wells Fargo had not postponed the trustee's sale, then set for February 20, 2018. *Id.* ¶ 38. After the Tuttles received a temporary restraining order in state court, Wells Fargo rescheduled the sale for May 3, 2018, which remained the scheduled date at the time that the Tuttles filed their operative amended complaint. *Id.* ¶ 40. The Tuttles had not received a decision on the appeal of Wells Fargo's denial of their application at that time, and Wells Fargo had nevertheless failed to postpone the foreclosure sale further. *Id.* ¶¶ 42–43.

The Tuttles bring five claims under state law. First, they assert that Defendants violated California Civil Code section 2923.6(c) because Wells Fargo has proceeded towards a foreclosure sale even though the Tuttles have a complete application for loan modification pending, and because Barrett Daffin has scheduled and proceeded towards the sale despite Wells Fargo's violation. *Id.* ¶¶ 45–55. Second, the Tuttles assert that Wells Fargo violated Civil Code section 2923.7 by failing to provide a single point of contact with access to someone with authority to stop foreclosure proceedings, and again assert that Barrett Daffin violated the same statute by proceeding towards foreclosure despite Wells Fargo's violation. *Id.* ¶¶ 56–60. Third, the Tuttles assert that Wells Fargo violated Civil Code section 2924.11 by proceeding towards a foreclosure sale while a modification application was pending and by failing to provide sufficient

1  documentation supporting its denial letter. *Id.* ¶¶ 69–73.  Once again, the Tuttles assert that
2  Barrett Daffin violated the same statute by proceeding towards foreclosure despite Wells Fargo's
3  violation. *Id.* ¶ 74.  The Tuttles' fourth claim asserts that both Wells Fargo and Barrett Daffin
4  violated California's Unfair Competition Law by virtue of the Civil Code violations addressed
5  above, and their fifth claim is for negligence against Wells Fargo. *Id.* ¶¶ 76–90.

### B. Notice of Removal and Arguments Regarding Remand

Wells Fargo removed to this Court on March 12, 2018, asserting diversity jurisdiction under 28 U.S.C. § 1332.  *See generally* Notice of Removal (dkt. 1).  Wells Fargo states that the parties are diverse because Jason Tuttle is a citizen of California[3] and Wells Fargo is a citizen of South Dakota, and that although Barrett Daffin is also a citizen of California, its citizenship should be disregarded because it is a nominal party and "no viable claim exists against [it]." *Id.* at 2–7.  Wells Fargo contends that the duties of a trustee under a deed of trust are purely ministerial, and that Barrett Daffin's duties are privileged under California law absent a showing of malice. *Id.* at 5–7.  Wells Fargo also contends that the amount in controversy exceeds $75,000 and that removal was timely.  *Id.* at 7–10.

The Tuttles move to remand on the grounds that there is not complete diversity—because Barrett Daffin is a citizen of California—and that Wells Fargo has not met its burden to show fraudulent joinder.  *See generally* Mot. to Remand (dkt. 32).  The Tuttles note that the California Homeowner Bill of Rights ("HBOR") provisions on which they base their claims specifically include a "trustee" as among the parties bound thereby, and that if a wrongful foreclosure sale actually occurs, a trustee can be held liable for actual economic damages. *Id.* at 8–9.  The Tuttles contend that these statutes supersede any need to show actual malice under the common law. *Id.* at 9–10.  The Tuttles cite a number of district court decisions holding that trustees were not fraudulently joined nominal parties in foreclosure cases, including this Court's decision in *Rankankan v. JP Morgan Chase Bank, N.A.*, No. 16-cv-01694-JCS, 2016 WL 3411522 (N.D. Cal. June 22, 2016).  Mot. to Remand at 10–12.  The Tuttles request their costs and attorneys' fees

---

[3] Mary Kathleen Tuttle had not yet been added as a plaintiff at the time of removal, but no party disputes that she is also a citizen of California.

1   because "removal was clearly improper," and submit a declaration from their counsel Nelson
2   Goodell stating that he anticipates spending 9.4 hours working on the motion to remand and
3   attending the hearing at a rate of $300 per hour, for a total request of $2,820. *Id.* at 12–13; *see*
4   *generally* Goodell Decl. (dkt. 32-1).

5       Wells Fargo opposes remand, arguing that Barrett Daffin is fraudulently joined because its
6   duties as trustee were narrow and it only acted as an agent of Wells Fargo, not in its own interest.
7   Opp'n (dkt. 39) at 2–3. Wells Fargo cites a number of district court decisions remanding cases on
8   the basis that trustee defendants were fraudulently joined—most, but not all, of which were
9   decided before the HBOR became effective in 2013. *Id.* at 3–7 (citing, e.g., *Ogamba v. Wells*
10  *Fargo Bank, N.A.*, No. 2:17-cv-01754-KJM-AC, 2017 WL 4251124 (E.D. Cal. Sept. 26, 2017)
11  (appeal pending); *Marquez v. Wells Fargo Bank, N.A.*, No. C 13-2819 PJH, 2013 WL 5141689
12  (N.D. Cal. Sept. 13, 2013)). Wells Fargo does not distinguish or otherwise discuss the decisions
13  cited by the Tuttles that reached the opposite conclusion. *See generally id.* Wells Fargo also
14  argues that Barrett Daffin's actions were privileged communications under the common interest
15  privilege codified at sections 47(c) and 2924(d) of the California Civil Code. *Id.* at 5–6. Wells
16  Fargo contends that even if the Court grants the motion to remand, this is not the sort of unusual
17  case where attorneys' fees should be awarded. *Id.* at 7. Wells Fargo also erroneously asserts that
18  the Tuttles failed to submit a declaration from counsel stating the fees incurred. *Id.*

19      The Tuttles argue in their reply that the *Ogamba* court erred in applying a Rule 12(b)(6)
20  analysis to the question of fraudulent joinder, and that that case should have been remanded under
21  the more demanding standard that the Ninth Circuit has articulated for establishing fraudulent
22  joinder. Reply (dkt. 45) at 4. According to the Tuttles, "the overwhelming majority of the recent
23  case law holds that non-judicial foreclosure trustees that are accused of violating the California
24  Homeowners Bill of Rights are not 'fraudulently joined' parties." *Id.* at 5 (citing district court
25  decisions). The Tuttles contend that the "actual malice" standard is only necessary for a plaintiff
26  to recover monetary damages from a trustee and is not necessary to obtain injunctive relief, which
27  the Tuttles seek here. *Id.* at 5–6. The Tuttles also assert that Barrett Daffin has been actively
28  involved in the foreclosure process, and refused to postpone the foreclosure sale even after being

4

contacts by the Tuttles' attorney and apprised of the claims in this case, stating that it would only postpone the sale if Wells Fargo instructed it to. *Id.* at 6–7. In a second declaration, attorney Nelson Goodell states that despite Barrett Daffin's representation that it would postpone the sale at Wells Fargo's request, Wells Fargo sent the Tuttles an email on the scheduled day of the sale stating that it would postpone the sale, but Barrett Daffin nevertheless did not postpone the foreclosure sale until after the state court issued a temporary restraining order. *See generally* Goodell Reply Decl. (dkt. 45-1). The Tuttles state that they could amend their complaint to more clearly describe Barrett Daffin's involvement if necessary. Reply at 7.

The Tuttles also respond to a footnote in which Wells Fargo noted that the Tuttles did not object to Barrett Daffin's declaration of non-monetary status in state court, citing a number of district court decisions holding that such declarations are not relevant to federal courts' analysis and arguing that even if such declaration could be relevant in this Court, it has no effect in this case, where Wells Fargo removed from state court before the time to object to the declaration of non-monetary status had expired. *Id.* at 10–12. The Tuttles also reiterate their argument that they are entitled to attorneys' fees. *Id.* at 12–13.

Barrett Daffin has not addressed the motion to remand, but filed a notice of joinder in Wells Fargo's separate motion to dismiss the action, which the Court does not reach. *See generally* Joinder (dkt. 36). In that filing, Barrett Daffin asserts that a trustee is not liable for good faith performance of its duties related to foreclosure, even if its actions are erroneous. *Id.* at 4–5. According to Barrett Daffin, a plaintiff must show malice to prevail against a trustee, which "means the publication was motivated by hatred or ill will towards the plaintiff or [that] the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Id.* at 5 (citing *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008)). Barrett Daffin contends that the Tuttles' allegations regarding its involvement are too conclusory to meet the pleading standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Joinder at 5.

## III. ANALYSIS

### A. Legal Standard for Remand

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

### B. Legal Standard for Diversity Jurisdiction and Fraudulent Joinder

Wells Fargo asserts that this Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. In relevant part, that statute provides federal courts with jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" that are between "citizens of different States." 28 U.S.C. § 1332(a). Diversity jurisdiction under § 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

There is no dispute here that the parties named in the Tuttles' Complaint do not meet that requirement because Barrett Daffin, like the Tuttles, is a citizen of California. Wells Fargo argues instead that Barrett Daffin, as trustee under a deed of trust, is a mere nominal defendant irrelevant for diversity, and is fraudulently joined. *See* Notice of Removal at 5–6.

"[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "The term 'fraudulent joinder' is a term of art, used for removal purposes, and does not connote any intent to deceive on the part of plaintiff or his counsel." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 n.2 (N.D. Cal. 2001).

1  "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in
2  the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of
3  action against a resident defendant, and the failure is obvious according to the settled rules of the
4  state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Just as there is a
5  presumption against removal, there is a "general presumption against fraudulent joinder." *Hunter*
6  *v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). When analyzing the issue of
7  fraudulent joinder, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful,
8  ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of
9  clear precedent does not render the joinder fraudulent." *Krivanek v. Huntsworth Grp. LLC*, No.
10 15-CV-02466-HSG, 2015 WL 5258788, at *2 (N.D. Cal. Sept. 9, 2015) (citation and internal
11 quotation marks omitted). "[T]he test for fraudulent joinder and for failure to state a claim under
12 Rule 12(b)(6) are not equivalent," and the Ninth Circuit has "emphasized . . . that a federal court
13 must find that a defendant was properly joined and remand the case to state court if there is a
14 '*possibility* that a state court would find that the complaint states a cause of action against any of
15 the [non-diverse] defendants.'" *GranCare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, __ (9th
16 Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046) (alteration and emphasis added in *GranCare*).
17 Accordingly, the Court must grant the motion "unless the defendant shows that the plaintiff would
18 not be afforded leave to amend [the] complaint to cure [the] purported deficiency." *Rieger v.*
19 *Wells Fargo Bank, Nat'l Ass'n*, No. 3:13-0749-JSC, 2013 WL 1748045, at *3 (N.D. Cal. Apr. 23,
20 2013) (second alteration in original) (citation and internal quotation marks omitted); *see also*
21 *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (stating that
22 remand is proper where "there is a non-fanciful possibility that plaintiff can state a claim").
23 The existence of federal jurisdiction is generally determined from the plaintiff's pleadings.
24 *See Ritchey*, 139 F.3d at 1318. On the issue of fraudulent joinder, however, a defendant is
25 "entitled to present the facts showing the joinder to be fraudulent." *Morris*, 236 F.3d at 1067. If
26 factual issues are in dispute, the Court must resolve "all disputed questions of fact . . . in the
27 plaintiff's favor." *Hornby v. Integrated Project Mgmt., Inc.*, No. C 14-04331 LB, 2014 WL
28 7275179, at *5 (N.D. Cal. Dec. 22, 2014) (citing *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416,

1426 (9th Cir. 1989)). While courts usually may not decide the merits of an affirmative defense to determine whether a plaintiff's claims obviously fail under the settled rules of the state, courts may consider procedural bars such as statutes of limitation. *Hunter*, 582 F.3d at 1045 (citing *Ritchey*, 139 F.3d at 1319).

### C. Wells Fargo Has Not Met Its Burden to Establish Federal Jurisdiction

Remand of this case is appropriate for largely the same reasons as in this Court's previous decision in *Rankankan*, cited by the Tuttles. The relevant portion of the Court's analysis in that case reads as follows:

> District courts have repeatedly held that mere failure to state a claim is not sufficient to establish fraudulent joinder if a plaintiff would be entitled to leave to amend to cure any deficiency. *See, e.g.*, *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *3 (N.D. Cal. Apr. 1, 2013); *Rieger*, 2013 WL 1748045, at *3; *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009); *Burris v. AT & T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *1 (N.D. Cal. July 19, 2006). This standard gives effect to the established "presumption against fraudulent joinder," *Hunter*, 582 F.3d at 1046 (citation omitted), and the rule that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court," *Matheson*, 319 F.3d at 1090. So long as Rankankan *might* be able to amend to state a viable claim against [trustee] MTC, this Court's jurisdiction is in doubt, while the California Superior Court's jurisdiction over the case is unquestionable. Further, while this Court has some authority under the fraudulent joinder doctrine to determine whether Rankankan has "obvious[ly]" failed to state a claim against MTC, *see Morris*, 236 F.3d at 1067, reviewing multiple rounds of amended pleadings to parse the sufficiency of those claims would cross the line from merely conducting that threshold inquiry to instead presiding over a dispute under state law between two California citizens, which would fall outside the scope of § 1332's grant of jurisdiction.

*Rankankan v. JP Morgan Chase Bank, N.A.*, No. 16-cv-01694-JCS, 2016 WL 3411522, at *5 (N.D. Cal. June 22, 2016) (alterations within internal quotations in original).

Here, as in *Rankankan*, Wells Fargo presents reasonable arguments why the Tuttles claims against Barrett Daffin, as currently pleaded, might warrant dismissal, but does not sufficiently address the question of whether the Tuttles *could* state a claim against Barrett Daffin. The HBOR specifically allows claims against trustees involved with non-judicial foreclosure sales. *See, e.g.*, Cal. Civ. Code § 2924.12. Even assuming for the sake of argument that the Tuttles must allege malice to overcome the common interest privilege in bringing such a claim and that their current

complaint does not do so, the standard for such a showing is not insurmountable. As Barrett Daffin acknowledges in its joinder in Wells Fargo's motion to dismiss, *see* Joinder at 5, "malice" within the meaning of the relevant privilege doctrine can be established "by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008) (quoting *Sanborn v. Chronicle Publ'g Co.*, 18 Cal. 3d 406, 413 (1976)). The Tuttles raise a colorable argument that they could allege such recklessness based on Barrett Daffin's failure to postpone the foreclosure sale after being informed of the Tuttles' claims in this case and even after Wells Fargo informed the Tuttles that the sale would be postponed. *See* Goodell Reply Decl. ¶¶ 3–4. Barrett Daffin's purported failure to postpone the sale after Wells Fargo indicated that it would do so also suggests that the Tuttles might be able to allege that Barrett Daffin acted in its own interest rather than merely as an agent of Wells Fargo. While it is not at all clear that the Tuttles' current complaint sufficiently alleges such a claim, the remedy on a successful motion to dismiss under these circumstances would be dismissal with leave to amend, not with prejudice, and "reviewing multiple rounds of amended pleadings to parse the sufficiency of those claims would cross the line from merely conducting [a] threshold inquiry to instead presiding over a dispute under state law between two California citizens, which would fall outside the scope of § 1332's grant of jurisdiction." *See Rankankan*, 2016 WL 3411522, at *5.

At the hearing, counsel for Wells Fargo argued that even if Wells Fargo has not met its burden to show that Barrett Daffin is fraudulently joined, the test for whether Barrett Daffin is a nominal party is more easily met and should be based only on the allegations of the Tuttles' original complaint. In the absence of authority so holding, the Court is not persuaded that the scope of the inquiry materially differs from the fraudulent joinder analysis discussed above. Presiding over this action while the Tuttles seek to—and conceivably could—state a claim against a fellow citizen of California as more than merely a nominal party would exceed the scope of this Court's jurisdiction under § 1332. The motion to remand is therefore GRANTED.[4]

---

[4] The Court agrees with the Tuttles that Barrett Daffin's declaration of non-monetary status in state court does not alter the analysis. Without reaching the question of whether such filings are

### D. The Court Declines to Award Attorneys' Fees

If a case is improperly removed, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of attorneys' fees may be appropriate where removal has been "sought for the purpose of prolonging litigation and imposing costs on the opposing party," and "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–41 (2005). The reasonableness of Wells Fargo's removal in this case is a close questions given Wells Fargo's failure to address meaningfully the demanding standard for establishing fraudulent joinder, as well as the numerous district court decisions remanding cases under similar circumstances. On the other hand, while this Court respectfully disagrees with its reasoning, at least one court has found fraudulent joinder under analogous circumstances. *See Ogamba v. Wells Fargo Bank, N.A.*, No. 2:17-cv-01754-KJM-AC, 2017 WL 4251124, at *3 (E.D. Cal. Sept. 26, 2017). And while it is not the role of this Court to test the question through additional rounds of amendment, the Tuttles' boilerplate allegations in both their original complaint and first amended complaint as to Barrett Daffin's involvement also suggest a real possibility that Barrett Daffin is in fact no more than a nominal party. The Court therefore concludes that Wells Fargo's removal was not so unreasonable as to warrant a sanction of attorneys' fees, and DENIES the Tuttles' request.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

ever relevant in federal court, Barrett Daffin's declaration did not become effective before Wells Fargo removed the case to this Court. *See Boggs v. Wells Fargo Bank NA*, No. C 11-2346 SBA, 2012 WL 2357428, at *3 (N.D. Cal. June 14, 2012). Moreover, a "summary mention of an issue in a footnote, without reasoning in support of the . . . argument," is not sufficient to raise the issue. *See Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996).

## IV. CONCLUSION

For the reasons discussed above, the Tuttles' motion is GRANTED, except as to attorneys' fees. Wells Fargo's motion to dismiss is DENIED for lack of jurisdiction. This action is hereby REMANDED to the California Superior Court for the County of Marin.

**IT IS SO ORDERED.**

Dated: May 29, 2018

JOSEPH C. SPERO
Chief Magistrate Judge